UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CYNTHIA JAURDON-SIMMONS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-435-SDD-RLB** |
| **GREGORY TRAMONTIN, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on December 7, 2020.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CYNTHIA JAURDON-SIMMONS**                          **CIVIL ACTION**

**VERSUS**                                                                  **NO. 20-435-SDD-RLB**

**GREGORY TRAMONTIN, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Individual Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) filed on August 6, 2020. (R. Doc. 5). Plaintiff has not filed an opposition. Accordingly, the Motion is unopposed. LR 7(f).

This matter is also before the Court on Plaintiff's failure to comply with the Court's orders and failure to timely serve and prosecute her claims against Bridgette Lefebure and Damenise J. Hardy.

**I.    Background**

On or about May 21, 2020, Cynthia Jaurdon-Simmons ("Plaintiff") filed this civil action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as defendants Gregory Tramontin d/b/a Go-Auto Insurance,[1] Angela Pittman, Connie Bourgeois, Bridgette Lefebure, Shannon Shampine, and Damenise J. Hardy, Human Resource Team HR Solutions.[2] (R. Doc. 1-2 at 1-3, "Petition"). Plaintiff alleges that she was hired for seasonal employment with the Go-Auto Insurance Company on February 20, 2019, and her employment was terminated on May 24, 2019. (Petition ¶¶ 2, 5). Plaintiff, who asserts she "is a disabled elderly of the African-

---

[1] The Petition requests service on Gregory Tramontin/CEO d/b/a Go-Auto Insurance, and does not separately seek service on the alleged employer, "Go-Auto Insurance Company." Public records from the Louisiana Secretary of State provide that "GoAuto Insurance" is a trade name for GoAuto Management Services, LLC.
[2] The Petition requests service on Damenise J. Hardy c/o HR Solutions and does not separately seek service on HR Solutions.

1

American descent," seeks recovery for alleged retaliation, defamation, discrimination, and violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. ("ADA"). (Petition ¶¶ 2-5).

On July 9, 2020, Gregory Tramontin, Angela Pittman, Connie Bourgeois, and Shannon Shampine (the "Individual Defendants") removed this action on the basis that the Court has federal question jurisdiction under 28 U.S.C. § 1331, and supplemental jurisdiction over any asserted state court claims 28 U.S.C. § 1367. (R. Doc. 1).

On July 29, 2020, the Court issued an Order setting a scheduling conference for September 10, 2020, and ordered Plaintiff to prepare, sign, and file a joint status report by August 27, 2020. (R. Doc. 4). Plaintiff failed to comply with the Order.[3]

On August 6, 2020, the Individual Defendants filed their Motion to Dismiss, arguing that Plaintiff failed to allege facts in support of a plausible claim against them, that they otherwise cannot be held individually liable for the employment-related claims, and that Plaintiff has failed to allege satisfaction of all elements of a defamation claim. (R. Doc. 5). Plaintiff has not filed an opposition. Plaintiff has not otherwise sought leave to amend the pleadings under Rule 15 of the Federal Rules of Civil Procedure.

On September 8, 2020, the Court issued an Order setting a scheduling conference for October 29, 2020, and ordered Plaintiff to prepare, sign, and file a joint status report by October 15, 2020. (R. Doc. 7). Plaintiff failed to comply with the Order.

On October 23, 2020, the Court issued an Order requiring Plaintiff to show cause, in writing, why sanctions, including dismissal of this action for failure to prosecute, should not be

---

[3] The Individual Defendants unilaterally filed a Status Report without participation by Plaintiff. (R. Doc. 6).

2

imposed upon her for her failure to prepare, sign, and file a joint written status report as previously ordered. (R. Doc. 9). Plaintiff failed to comply with the Order.

The remaining two defendants – Bridgette Lefebure and Damenise J. Hardy – have not made an appearance in this action. Plaintiff has not filed into the record proof of service on these defendants or otherwise sought an extension of time to serve these defendants.

## II. Law and Analysis

### A. The Individual Defendants (Gregory Tramontin, Angela Pittman, Connie Bourgeois, and Shannon Shampine)

#### 1. Legal Standards for Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a Rule 12(b)(6) motion, a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678.

*Pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a pro

3

se plaintiff's] allegations and briefs more permissively"). Furthermore, in most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs generally given one chance to amend before dismissal unless "it is clear that the defects are incurable"). However, a court should deny leave to submit futile amendments that are "insufficient to state a claim." *Jamieson v Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985).

### 2. Plaintiff's Employment-Based Claims

In her Petition, Plaintiff identifies herself as "a disabled elderly of the African-American descent" but only explicitly seeks recovery under the ADA. (Petition ¶¶ 2-5). Plaintiff appears to assert that she was not provided reasonable accommodates under the ADA for her alleged musculoskeletal disability. (Petition ¶¶ 1, 5). Plaintiff also appears to allege that she experienced a "hostile workplace environment" in light of her race and age, though the Petition provides no specific allegations with respect to her treatment based on race or age. (Petition ¶¶ 1-2, 5).

Plaintiff cannot recover from the Individual Defendants for alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–2, *et seq*. ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA"), or the ADA because the Individual Defendants are not alleged to be Plaintiff's employers. It is well-settled in the Fifth Circuit that there "is no individual liability for employees under Title VII." *Smith v. Amedisys, Inc.*, 298 F.3d 434, 448 (5th Cir. 2002). According to Title VII, "[it is] an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). Furthermore, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen or

more employees . . . and any agent of such a person." 42 U.S.C. § 2000e(b). The Fifth Circuit has held that the language "any agent" is not meant to impose individual liability for Title VII claims, but rather to impose vicarious liability on employers under Title VII. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) ("[A] Title VII suit against an employee is actually a suit against the corporation."); *see Jarvis v. Circle K Stores*, No. 13-825, 2015 WL 1809228, at *4 (M.D. La. Apr. 21, 2015) (dismissing Title VII claims because "Title VII does not impose individual liability on the agent or proxy of an employer.").

Like Title VII, to be liable under the ADEA for discrimination based on an employee's age, an individual must meet the ADEA's definition of "employer." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 686 (5th Cir. 2001). The ADEA's employer definition mirrors that of Title VII. *Stults v. Conoco*, Inc., 76 F.3d 651, 655 (5th Cir. 1996). "Both acts limit liability to employers with more than a minimum number of employees, and both define 'employer' to include agents of the employer." *Id*. Due to the similarities in the acts, the Fifth Circuit has reasoned that, like Title VII, "the ADEA provides no basis for individual liability for supervisory employees." *Id*. *See also Medina v. Ramsey Steel Co.*, 238 F.3d at 686.

District courts within the Fifth Circuit have also held that individual employees cannot be held liable with respect to any claims under the ADA, which adopts the definition of "employer" used in Title VII and the ADEA. *See Reeves v. City of New Orleans*, No. 19-10766, 2020 WL 4544009, at *5 (E.D. La. Aug. 6, 2020) (citing *Franklin v. City of Slidell*, 928 F. Supp. 2d 874, 882 (E.D. La. 2013); *Starkman v. Evans*, 18 F.Supp.2d 630, 632 (E.D. La. 1998); *Robertson v. Neuromedical Ctr.*, 983 F. Supp. 669, 670 n. 1 (M.D. La. 1997)).

Plaintiff also cannot recover from the Individual Defendants for alleged violations of the Louisiana Employment Discrimination Law, La. R.S. 23:301, *et seq*. ("LDEL") or Louisiana's

5

Whistleblower Statute, La. R.S. 23:967. "Louisiana courts have looked to federal jurisprudence to interpret Louisiana discrimination laws." *Alcorn v. City of Baton Rouge*, 898 So.2d 385, 388 (La. App. 1st Cir. 2004). Under the LEDL, the definition of employer is narrower than under Title VII and includes "[a] person, association, legal or commercial entity . . . receiving services from an employee and, in return, giving compensation of any kind to an employee." La. R.S. 23:302(2). Accordingly, there is no individual liability under the LEDL. *See Brown v. Praxair, Inc.*, No. 17-00384, 2018 WL 4365526, at *2 (M.D. La. Sept. 13, 2018) (dismissing race claim); *Pinsonat v. JE Merit Constructors, Inc.*, 962 F. Supp. 848 (M.D. La. 1996) (dismissing age and disability claims). Any potential claim under Louisiana's Whistleblower Statute also fails against the Individual Defendants. *See Mullet v. Touro Infirmary*, No. 19-118651, 2019 WL 6527895, *3 (E.D. La. Dec. 4, 2019) ("Although the whistleblower statute itself does not define the term 'employer,' district courts within the Fifth Circuit have applied the definition of "employer" provided under Louisiana's Employment Discrimination Law, La. Rev. Stat. § 23:302(2), to claims brought under the whistleblower statute, La. Rev. Stat. § 23:967.") (citations omitted).

Based on the foregoing, the Individual Defendants cannot be held individually liable for Plaintiff's employment-based claims, whether those claims arise under federal or state law.

### 3. Plaintiff's Defamation Claims

Plaintiff alleges, in support of her claim of defamation, that there were "unfounded reasons stated on termination and separation documents that were/are false." (Petition ¶ 1). Plaintiff does not specify what these allegedly false statements are, other than intimating that they concern alleged excessive absenteeism and tardiness. (Petition ¶ 3). Plaintiff alleges that she "was never absent and only missed work with an approved physicians appointment," finally suggesting that "glitches in the computer's system [are] the reason for clocking in late." (Petition

6

¶ 3). Plaintiff does not identify any of the Individual Defendants as the alleged publisher of the statements, but suggests the false statements were "filed at the La Work Enforcement Commission and may cause other potential employ[ers] not to hire." (Petition ¶ 3).

Defamation is a tort involving the invasion of a person's interest in his or her reputation and good name. *Costello v. Hardy*, 864 So. 2d 129, 139 (La. 2004). Four elements are necessary to establish a claim for defamation under Louisiana law: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. *Id.* If even one of the required elements of the tort is lacking, the cause of action fails. *Id.* (citation omitted). When a defamatory statement is made by an employee in the course and scope of his or her employment, the employer can be held vicariously liability. *See Trentecosta v. Beck*, 703 So. 2d 552, 558-559 (La. 1997).

In seeking dismissal of the defamation claim, the Individual Defendants assert that the alleged publication through the submission of a Separation Notice to the Louisiana Workforce Commission does not constitute publication of alleged defamatory words in support of a defamation claim. (R. Doc. 5-1 at 9-10).

"In Louisiana, privilege is a defense to a defamation action." *Kennedy v. Sherriff of East Baton Rouge*, 935 So. 2d 669, 681 (La. 2006). When a defendant's statements are entitled to a qualified privilege, the defendant can be held liable only if the privilege was abused. *Id*. at 682. A defendant abuses the privilege if he makes the statement knowing it is false or "with reckless disregard as to its truth or falsity." *Id*. at 684. The Louisiana Supreme Court has explained that whether a defendant has abused a qualified privilege is "generally a fact question for the jury." *Id.* at 682. "But when on the face of a complaint it appears that the defendant's alleged

7

statements are entitled to a qualified privilege, courts have inquired at the motion to dismiss stage whether the plaintiff has pleaded facts alleging the defendant acted with the requisite scienter to show an abuse of the privilege." *Russell v. Chevron U.S.A., Inc.*, No. 18-4157, 2018 WL 4816151, at *5 (E.D. La. Oct. 4, 2018) (citing cases). Furthermore, Louisiana courts have found this qualified privilege applies to communications between employers and the Louisiana Workforce Commission where the statement is made in good faith. *See White v. Baker Manor Nursing Home, Inc.*, 400 So.2d 1168 (La. App. 1st Cir. 1981).

Here, Plaintiff has failed to sufficiently allege her defamation claim. Foremost, Plaintiff does not identify any of the Individual Defendants as the publisher of the alleged defamatory statements. Plaintiff also does not allege that the Individual Defendants acted with malice or knew that the statements about Plaintiff were false. Plaintiff's conclusory allegations lack any factual support for a finding that the Individual Defendants abused their qualified privilege by making the alleged defamatory statements knowing they were false or with reckless disregard as to their truth or falsity. *See Russell*, 2018 WL 4816151, at *4 (citing *Kennedy*, 935 So. 2d at 684). Even if the Court were to construe the Petition as asserting that the Individual Defendants knew the statements about Plaintiff were false, Plaintiff has failed to make any factual allegations that any of the Individual Defendants acted with this mental state. *Id*. at *5. Assuming a statement that an employee was terminated for "absenteeism" and "tardiness" can constitute defamatory words, Plaintiff has nevertheless failed to allege that any of the Individual Defendants acted with malice or caused the publication of the alleged defamatory statements.

### 4.    Amendment is Futile

Plaintiff has been provided ample time to seek amendment of her allegations against the Individual Defendants in the Petition. Plaintiff has neither opposed the instant Motion to Dismiss

or sought to amend her Petition in light of the arguments raised in the Motion to Dismiss. Indeed, Plaintiff has ignored the Court's orders since the removal of this action. It further appears that any amendment with respect to the Individual Defendants would be futile, as Plaintiff's claims are actually directed at the actions of her alleged employer, which is not a defendant to this action. Accordingly, dismissal of Plaintiff's claims against the Individual Defendants with prejudice is appropriate.

### B.    Bridgette Lefebure and Damenise J. Hardy

Plaintiff's claims against the remaining two defendants – Bridgette Lefebure and Damenise J. Hardy – should be dismissed without prejudice for failure to comply with the Court's orders and for failure to timely serve / prosecute.

Plaintiff has failed to make a single filing in this Court since it was removed on July 9, 2020. As discussed above, Plaintiff failed to oppose the Individual Defendant's Motion to Dismiss. Plaintiff also failed to comply with two court orders requiring her to prepare, sign, and file a joint status report by August 27, 2020. (R. Docs. 4, 7). Moreover, Plaintiff failed to comply with an order to show cause, in writing, why sanctions, including dismissal of this action for failure to prosecute, should not be imposed upon her for her failure to prepare, sign, and file a joint written status report as previously ordered (R. Doc. 9). The undersigned recommends dismissal of defendants Lefebure and Hardy without prejudice for failure to comply with orders of the Court and failure to provide any explanation in response to the show cause order.

Plaintiff has also failed to submit into the record any proof of service of process on Bridgette Lefebure and Damenise J. Hardy. The record indicates that on June 9, 2020, the East Baton Rouge Sheriff's Office attempted service on these individuals but issued returns stating that the defendants could not be served at the addresses provided. (R. Docs. 1-2 at 8-9). Plaintiff

9

has not submitted any evidence in the record that has taken any further action to serve these defendants. Plaintiff has also not sought any relief from the Court to extend her deadline to serve these defendants, much less demonstrated good cause for such an extension.

Given the record, Plaintiff's claims against Bridgette Lefebure and Damenise J. Hardy are subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.[4] But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."); *see also* Local Rule 41(b)(1)(A) ("A civil action may be dismissed by the Court for lack of prosecution . . . [w]here no service of process has been made within 90 days after filing of the complaint.").

### III.  CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the Individual Defendants' Motion to Dismiss (R. Doc. 5) be **GRANTED**, and Plaintiff's claims against Gregory Tramontin, Angela Pittman, Connie Bourgeois, and Shannon Shampine be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against Bridgette Lefebure and Damenise J. Hardy be **DISMISSED WITHOUT PREJUDICE**.

Signed in Baton Rouge, Louisiana, on December 7, 2020.

                **RICHARD L. BOURGEOIS, JR.**
                **UNITED STATES MAGISTRATE JUDGE**

---

[4] Although the undersigned independently recommends dismissal due to plaintiff's failure to comply with the various pretrial and show cause orders, should any notice be required prior to dismissal for failure to serve timely pursuant to Rule 4(m), the 14 day period to file objections to this report and recommendation provides any necessary notice.